UNITED STATES DISTRICT COURT  O
CENTRAL DISTRICT OF CALIFORNIA  JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-692 CAS (OPx) | Date | February 3, 2011 |
|---|---|---|---|
| Title | THE BANK OF HEMET v. OPEN SOLUTIONS, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** **(In Chambers): DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY LITIGATION** (filed 5/11/10)

## I. INTRODUCTION

On April 28, 2010, plaintiff Bank of Hemet ("the Bank") filed suit in the Riverside Superior Court against Open Solutions, Inc. ("OSI"), and Does 1 through 10, alleging claims for: 1) breach of contract; (2) anticipatory repudiation; (3) injunctive relief; and (4) declaratory relief. On May 6, 2010, defendant timely removed the instant matter to this Court.

On May 11, 2010, OSI filed the instant motion to compel arbitration and stay litigation. The Bank filed its opposition thereto on May 24, 2010. A reply was filed on May 27, 2010. The matter was taken under submission on June 3, 2010. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II. BACKGROUND

The Bank alleges that it has had a contractual relationship with defendant OSI through a "Master Service Agreement" for several years following OSI's purchase of its predecessor-in-interest on the contract. Compl. ¶ 8. The Bank further alleges that in essence, OSI is a technology service provider to the Bank, tasked with processing, maintaining, and archiving its imaged items, such as checks and other transfer instruments, deposit slips, periodic statements, and other similar data. Compl. ¶¶ 8-10. The Bank alleges that in October 2006, the parties entered into the First Amendment to the Master Service Agreement, and on June 25, 2007, they entered into the Second Amendment to the Master Service Agreement. Compl. ¶ 11.

UNITED STATES DISTRICT COURT  O
CENTRAL DISTRICT OF CALIFORNIA  JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-692 CAS (OPx) | Date | February 3, 2011 |
|---|---|---|---|
| Title | THE BANK OF HEMET v. OPEN SOLUTIONS, INC.; ET AL. | | |

The Bank alleges that on February 2010, it decided to terminate its relationship with OSI and take its business elsewhere. Compl. ¶ 14. The Bank alleges that the contract between it and OSI states that OSI is entitled to charge one-tenth of one cent per item image released to the new servicer in the conversion process, but instead, OSI demanded that the Bank pay one cent per image. Compl. ¶ 15. Therefore, the Bank alleges that it would be compelled to pay a total of $229,000, or ten times the amount set forth in the Master Service Agreement. Compl. ¶ 15. The Bank asserts that it attempted through counsel to negotiate a month-to-month plan while the parties work out this dispute, but OSI refused and also refuses to release to the Bank its images and other data to permit the conversion from OSI to the new servicer. Mot. at 5. The current contract expired on May 24, 2010. Id.

## III. LEGAL STANDARD

"An agreement to arbitrate is a matter of contract: 'it is a way to resolve those disputes - but only those disputes - that the parties have agreed to submit to arbitration.'" Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 943 (1995)). As with any other contract dispute, the Court must first look to the express terms of the contract. Id.

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. It is a matter to be determined by the court whether the FAA applies to a certain agreement; "[a]s a threshold matter, the FAA applies if, among other things, the contract requires dispute resolution 'by arbitration.'" Judge William W. Schwarzer, California Practice Guide: Federal Civil Procedure Before Trial, § 16:63.1 (The Rutter Group 2002) (citing Portland Gen. Elec. Co. v. United States Bank Trust Nat'l Ass'n as Tr. for Trust No. 1, 218 F.3d 1085, 1089 (9th Cir. 2000)).

Any party to an arbitration agreement covered by the FAA who is "aggrieved by the alleged . . . refusal of another to arbitrate" may petition a federal district court[1] "for

---

[1] With a few exceptions, the FAA standing alone does not create an independent basis for federal subject matter jurisdiction. Southland Corp. v. Keating, 465 U.S. 1, 16

UNITED STATES DISTRICT COURT  O
CENTRAL DISTRICT OF CALIFORNIA  JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-692 CAS (OPx) | Date | February 3, 2011 |
|---|---|---|---|
| Title | THE BANK OF HEMET v. OPEN SOLUTIONS, INC.; ET AL. | | |

an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

Under the FAA, the court, not the arbitrator, must decide whether a particular dispute is arbitrable. 9 U.S.C. § 4; AT& T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986) (holding that the arbitrator is without power to determine arbitrability absent "clear[] and unmistakabl[e]" language in the arbitration agreement conferring such power). The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. Chiron Corp., 207 F.3d at 1130. "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." Id. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Whitter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985); Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 720 (9th Cir. 1999) (noting that where an arbitration agreement has been signed by the parties with respect to the issues in dispute, "[s]uch agreements are to be rigorously enforced").

The FAA further provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. In addition, "[a] trial court has authority to stay proceedings in the interest

---

(1984). Accordingly, an independent basis for federal jurisdiction must otherwise be established before a federal court can entertain a petition to compel arbitration under the FAA. Id.

UNITED STATES DISTRICT COURT　　　　O
CENTRAL DISTRICT OF CALIFORNIA　　JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-692 CAS (OPx) | Date | February 3, 2011 |
|---|---|---|---|
| Title | THE BANK OF HEMET v. OPEN SOLUTIONS, INC.; ET AL. | | |

of saving time and effort for itself and litigants." <u>ATSA of California, Inc. v. Cont'l Ins. Co.</u>, 702 F.2d 172, 176 (9th Cir. 1983).

### III. DISCUSSION

OSI moves to compel arbitration and stay litigation, arguing that all of the Bank's claims are subject to the arbitration provision of the Master Service Agreement between the parties. Mot. at 1. The Bank responds that it does not oppose the motion to compel arbitration, but solely opposes the stay on litigation pending arbitration to the extent that the Bank may need to seek equitable relief from this court, because the injunctive relief it seeks may be unavailable through arbitration under the Master Service Agreement's terms. Opp'n at 2.

As discussed in its order dated May 20, 2010, the Court finds the parties have agreed that arbitration is appropriate for resolving disputes in this matter, including disputes over injunctive relief. <u>See DHL Information Services, Inc. v. Infinite Software Corp.</u>, 502 F. Supp. 2d 1082, 1083 (C.D. Cal. 2007) (finding that a request for a preliminary injunction is more properly addressed in arbitration when the parties included an arbitration provision in their contract which incorporated the American Arbitration Association's rules). The Master Service Agreement contains the following arbitration provision:

> "Except with respect to disputes arising from a misappropriation or misuse of either party's proprietary rights, any dispute or controversy arising out of this Agreement, or its interpretation, shall be submitted to and resolved exclusively by arbitration under the rules then prevailing of the American Arbitration Association and/or JAMS . . . ."

Rule 34(a) of the American Arbitration Association states that: "The arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods." Thus, by incorporating the rules of the American Arbitration Association into the arbitration provision of the Master Services Agreement, the parties have agreed that requests for injunctive relief could be decided in arbitration. <u>See DHL Information Services, Inc.</u>, 502 F. Supp. 2d at 1082; <u>see also Simula, Inc. v. Autoliv, Inc.</u>, 175 F.3d 716, 725-26 (9th Cir. 1999) ("Because the district court correctly concluded that all of Simula's claims were arbitrable and the ICC arbitral tribunal is authorized to grant the equivalent of an injunction *pendent elite*, it would have been inappropriate for the

| | UNITED STATES DISTRICT COURT | | O |
|---|---|---|---|
| | CENTRAL DISTRICT OF CALIFORNIA | | JS-6 |

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-692 CAS (OPx) | Date | February 3, 2011 |
|---|---|---|---|
| Title | THE BANK OF HEMET v. OPEN SOLUTIONS, INC.; ET AL. | | |

district court to grant preliminary injunctive relief.")).  Accordingly, the Court GRANTS OSI's motion to compel arbitration and stay litigation.

### IV.    CONCLUSION

In accordance with the foregoing, the Court GRANTS OSI's motion to compel arbitration and stay litigation.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |