UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-692 CAS (OPx) | Date | May 23, 2011 |
|---|---|---|---|
| Title | THE BANK OF HEMET v. OPEN SOLUTIONS, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| John Greenwall<br>John Marcin | Paul Chan |

**Proceedings:** **PLAINTIFF BANK OF HEMET'S APPLICATION/ PETITION TO CONFIRM ARBITRATION AWARD** (filed 04/15/11)

**DEFENDANT'S MOTION TO AMEND AND/OR VACATE ARBITRATORS' DECISION** (filed 03/14/11)

## I. INTRODUCTION

On April 28, 2010, plaintiff Bank of Hemet ("the Bank") filed suit in the Riverside Superior Court against Open Solutions, Inc. ("OSI"), and Does 1 through 10, alleging claims for: 1) breach of contract; (2) anticipatory repudiation; (3) injunctive relief; and (4) declaratory relief. On May 6, 2010, defendant timely removed the instant matter to this Court. On June 11, 2010, this Court granted defendant's motion to compel arbitration. On March 7, 2011, the arbitration panel issued an interim decision in the matter, finding in favor of plaintiff.

In its complaint, the Bank alleges that it had a contractual relationship with defendant OSI through a "Master Service Agreement" for several years following OSI's purchase of its predecessor-in-interest on the contract. Compl. ¶ 8. The Bank further alleges that in essence, OSI was a technology service provider to the Bank, tasked with processing, maintaining, and archiving its imaged items, such as checks and other transfer instruments, deposit slips, periodic statements, and other similar data. Compl. ¶¶ 8-10. The Bank alleges that in October 2006, the parties entered into the First Amendment to the Master Service Agreement, and on June 25, 2007, they entered into the Second Amendment to the Master Service Agreement. Compl. ¶ 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 10-692 CAS (OPx) | Date | May 23, 2011 |
|---|---|---|---|
| Title | THE BANK OF HEMET v. OPEN SOLUTIONS, INC.; ET AL. | | |

The instant dispute arose after the Bank notified OSI that it would not renew the MSA when it expired on May 24, 2010. Arbitrators' Interim Decision, Marcin Decl. Exh. A at 5. In the course of terminating their relationship, OSI made a demand for fees associated with the transfer of check images at the rate of one cent per check image. Id. The Bank disputed the amount requested, arguing that under the terms of the Second Amendment, the appropriate rate was one-tenth of a cent per check image. Id. The Bank transferred $246,170 to OSI on May 24, 2010. Id. at 6.

In connection with plaintiff's claims, the arbitration panel concluded that OSI was only entitled to charge plaintiff one-tenth of a cent per check image. The panel also concluded that OSI was required to transfer the check images in readable format, and that it was required to retain copies of the images for seven years. The Bank was awarded $242,495 in damages based on the arbitrators' finding that OSI was only entitled to charge one-tenth of a cent per check image. Id. at 10. The Bank was also awarded $15,024.53 in damages to cover the costs for consultant services the Bank was forced to retain when OSI failed to deliver the checks in a readable format. Id.

On April 13, 2011, the arbitration panel issued a ruling on OSI's request for correction of arbitration award and on Bank of Hemet's motion for attorneys' fees, costs, and expenses. In that ruling, the panel struck a clause requiring defendant to challenge the ruling within ten days, and awarded the Bank $317,455.44 in fees, costs and expenses.

On March 14, 2011, defendant filed a motion to amend and/or vacate the arbitrators' decision. On May 2, 2011, plaintiff filed an opposition to defendant's motion. On May 9, 2011, defendant filed a reply in support of its motion.

On April 15, 2011, plaintiff filed a petition to confirm the arbitration award. On April 25, 2011, defendant filed an opposition to plaintiff's petition. On May 9, 2011, plaintiff filed a reply in support of its motion.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-692 CAS (OPx) | Date | May 23, 2011 |
|---|---|---|---|
| Title | THE BANK OF HEMET v. OPEN SOLUTIONS, INC.; ET AL. | | |

## II.  LEGAL STANDARD

"[T]he Supreme Court [has] set a standard that permits only a limited review of an arbitrator's decision." Local Joint Exec. Bd. of Las Vegas v. Riverboat Casino, Inc., 817 F.2d 524, 527 (9th Cir. 1987). Thus "it is not the court's role to determine whether the arbitrator has reached the same result the court would have reached." Id. Nor is it the court's role "to decide the rightness or wrongness of the arbitrator's contract interpretation." Pacific Reinsurance Management Corp. v. Ohio Reinsurance Corp., 935 F.2d 1019, 1024 (9th Cir. 1991). "'[T]he district court must accord considerable deference to the arbitrator's judgment' and should not 'vacate the award because it interpreted the agreement differently.'" Id. (quoting New Meiji Market v. United Food and Comm'l Workers Local Union 905, 789 F.2d 1334, 1335 (9th Cir. 1986)).

The Ninth Circuit has continuously held that judicial review of an arbitrator's decision "is both limited and highly deferential." Barnes v. Logan, 122 F.3d 820, 821 (9th Cir. 1997). An award must be confirmed if the arbitrator even "arguably construed or applied the contract and acted within the scope of [her] authority." Id. In the absence of any contractual terms regarding judicial review, a federal court may vacate or modify an arbitration award only if that award is "completely irrational," exhibits a "manifest disregard of law," or otherwise falls within one of the grounds set forth in the Federal Arbitration Act, 9 U.S.C. §§ 10 or 11 (the "Federal Arbitration Act"). Todd Shipyards Corp. v. Cunard Line, Ltd., 943 F.2d 1056, 1060 (9th Cir. 1991); Lapine Technology Corp. v. Kyocera Corp., 130 F.3d 884 , 888 (9th Cir. 1997).

## III.  DISCUSSION

Defendant argues that the arbitration award should be vacated because the arbitrators exceeded the scope of their authority by "disregarding certain clear and express provisions of the MSA, and materially re-writing others." OSI's Reply at 3. Specifically, defendant argues that the panel exceeded its authority when it: (1) "changed the format for delivery of data upon the Bank's termination of the MSA from the contractually agreed upon format . . . to a much more amorphous standard . . . that appears nowhere in the MSA"; (2) "unilaterally decreased the contractual per check image fee. . . . Under the express terms of the MSA, the Bank was required to pay Open Solutions'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-692 CAS (OPx) | Date | May 23, 2011 |
|---|---|---|---|
| Title | THE BANK OF HEMET v. OPEN SOLUTIONS, INC.; ET AL. | | |

O

JS-6

'then standard rates' for such services. In direct contravention of the express terms of the MSA, the panel did not attempt to determine the standard rates. . . . Instead, the panel re-wrote the contract and substituted a much lower contractual rate–from a ***different*** section of the MSA (the Second Amendment), relating to an entirely ***different*** service"; (3) "impermissibly expanded the notice provisions of the MSA by requiring [OSI] to provide Open Solutions to provide notice of changes to its standard rates for deconversion services–where the notice provisions of the MSA applied only to those services presently contemplated in Exhibit A to the MSA"; and (4) "effectively extended the term of the MSA, by requiring Open Solutions to continue to provide the Bank with on-line access to check images for a 7 year period ***after*** the Bank terminated the contract." Id. at 5-6 (emphasis in original).

Additionally, defendant argues, the panel improperly decided the issue of the number of check images returned to the Bank. OSI's Opp. at 16. "During the arbitration hearing, the parties agreed that the arbitrators would not decide the issue of the number of images that Open Solutions returned to the Bank. . . . Despite having been informed of the agreement, for reasons unexplained, the panel went ahead and decided the issue without permitting Open Solutions to present any evidence on that point. Accordingly, the Award's finding that there were 532,392 missing images must be vacated." Id.

The Bank argues that the award should not be vacated because the arbitrators did not exceed their authority.[1] Bank's Reply at 4. Plaintiff argues that the arbitrators reached a reasonable interpretation of the contract, and this Court therefore does not have the power to overrule it. Id. at 5. "Defendant specifically bargained for the arbitrators' construction of the contract and cannot now seek to overturn it simply because it does not fall in its favor. Because the award on its face is a plausible construction of the contract, this Court should not overrule the arbitrators simply because Defendant advocates a different interpretation." Id. at 6-7. Plaintiff further contends that the remedy granted with respect to the format of the images transferred was consistent with an arbitrators' flexibility in the fashioning of remedies where a contract does not provide a specific remedy. Id. at 7. "In this instance, the drafters of the contract did not anticipate what the

---

[1] The Bank does, however, request that the Court correct a miscalculation in the fees and costs award. Petition at 1 n. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL** JS-6

| Case No. | CV 10-692 CAS (OPx) | Date | May 23, 2011 |
| --- | --- | --- | --- |
| Title | THE BANK OF HEMET v. OPEN SOLUTIONS, INC.; ET AL. | | |

appropriate remedy should be when Defendant sent unusable data to the Plaintiff. Although the contract anticipated sending data in certain formats, no price was attached to correcting a data mismatch or inefficient data dump. After receiving evidence of Defendant's inefficient delivery of data to Plaintiff, the arbitrators fashioned a remedy to compensate Plaintiff." Id.

With respect to the decision of the issue of image count, plaintiff argues that "correcting the error would solve the problem without affecting the merits of the arbitrator's decision. Therefore, correction is the more appropriate remedy in this instance [than vacating the award]." Id. at 10. Plaintiff further argues that "the issue is moot due to subsequent proceedings in arbitration in which Defendant has been able to present evidence and both sides have stipulated to a total image count."[2] Id. at 10-11.

The Court concludes that the arbitration award should be confirmed. The Court cannot substitute its judgment for the judgment of the arbitration panel where, as here, its interpretation of the agreement at issue was not completely irrational and did not reflect a manifest disregard of law. With respect to the determination of the rate per check image, the Court concludes that the arbitration panel, within the scope of its authority, used the history between the parties and the additional provision in the amendment to determine the meaning of the term "standard rate." Similarly, the arbitration panel rationally interpreted the provisions regarding the requirement to retain images and the provision outlining the required format of check images, and fashioned an appropriate remedy in response to its finding that the provision was breached. The Court finds, however, that

---

[2] In reply, plaintiff challenges this characterization of the issue. "In an effort to avoid vacatur on this point, the Bank argues that modification of the Award under Section 11, rather than vacatur Section 10, would be more appropriate. . . . But the decision on the image count is not a 'small issue.' The panel's decision infects the entire damage calculation as that number is one of the two factors (along with the allowed rate) that the panel used to determine the amount of the damage award. The Bank's final, last-ditch effort is [an] attempt to moot the issue by asserting that, following the arbitration, it has acceded to Open Solutions' number as satisfactory. This belated stipulation does not, however, change the fact that the panel made a premature and improper determination and use the wrong number in rendering the Award." OSI's Reply at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 10-692 CAS (OPx) | Date | May 23, 2011 |
|---|---|---|---|
| Title | THE BANK OF HEMET v. OPEN SOLUTIONS, INC.; ET AL. | | |

O

the arbitration panel acted outside of the scope of its authority in deciding the number of check images at issue. Therefore, the Court determines that the award should be reduced to reflect the amount of check images stipulated to by the parties.

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES defendant's motion to amend and/or vacate arbitrators' decision and GRANTS plaintiff's application to confirm arbitration award. Damages shall be limited to those determined using the stipulated number of images, and shall reflect the corrections noted by plaintiff with respect to the calculation of attorneys' fees.

IT IS SO ORDERED.

                                                                     00   :   10

                                 Initials of Preparer        CMJ